UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SHAW VOAGE, | No. 2:13-cv-1342 JAM AC P |
| Petitioner, | |
| v. | ORDER |
| DANIEL PARAMO, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Yolo County Superior Court in June of 2011 of receiving stolen property and sentenced to a state prison term of thirty years to life under California's three-strikes law. Petition at 1. Petitioner challenges his conviction on the following grounds: (1) the prosecutor failed to disclose information favorable to the defense; (2) the prosecutor committed misconduct during argument to jury; (3) the trial court erred by failing to strike priors; and (4) petitioner's three-strikes sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment. Id. at 4-5.

Respondent was directed to respond to the petition within sixty days by order filed on July 12, 2013. ECF No. 4. Respondent was granted two extensions of time with the most recent deadline having been December 9, 2013. ECF Nos. 18, 21. However, in the interim, on November 12, 2013, petitioner filed a motion for a stay which respondent has opposed. ECF

Nos. 23, 24.

In his motion, petitioner simply states that "some of the claims are unexhausted, and are being exhausted, as of now." ECF No. 23 at 3. Respondent contends that the motion lacks the specificity necessary to support the requested relief, and asks that the motion be denied or that the petition be dismissed as premature. ECF No. 24.

### The Exhaustion Requirement

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.[2] Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

### Requesting a Stay

For the court to consider his request for a stay, petitioner must identify those claims that are exhausted and those that remain unexhausted. A court may stay a petition containing unexhausted claims pursuant to either Rhines v. Weber, 544 U.S. 269 (1995), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).[3] Kelly and Rhines set out different procedures and impose different requirements for obtaining a stay. Under Rhines, 544 U.S. at 277-78, the United States Supreme Court held that stay and abeyance of a mixed petition (one including both exhausted and unexhausted claims) is available only where good cause is shown for a failure to have first

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[3] The three-step Kelly procedure remains available after Rhines. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

1  exhausted the claims in state court, the claim or claims at issue potentially have merit, and
2  petitioner has been diligent in pursuing relief.  Under Kelly, the court may stay a petition
3  amended to contain only exhausted claims, to permit exhaustion of additional claims in state
4  court.  King v. Ryan, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).  Once the additional
5  claims have been exhausted the petitioner may then amend his petition to restore them, provided
6  that the claims are not time barred (as a stay pursuant to Kelly does not toll the federal limitations
7  period with respect to the unexhausted claims).  Id. at 1135, 1140-41.  The court may deny a
8  request for stay under Kelly if the new claims cannot be added to the existing habeas petition after
9  they are exhausted in state court due to the time bar.  See id. at 1141.

10         Petitioner must file a motion for a stay and abeyance setting forth specifically which
11  claims have been exhausted and for which he is still seeking state court exhaustion.  Petitioner
12  must also set forth whether he seeks a stay pursuant to Rhines or Kelly.  If petitioner elects to
13  proceed by way of a Rhines stay, he must demonstrate how he meets the requirements for such a
14  stay as set forth above.

15         Conclusion

16         The deadline for respondent to respond to the petition will be vacated at this time.
17  Petitioner's motion for a stay will be dismissed as deficient but petitioner will be granted thirty
18  days to file an amended motion for a stay, after which respondent will have thirty days to respond
19  and petitioner a further twenty-one days to file any reply.  An order directing a response to the
20  petition must await resolution of any amended motion for a stay.  Should petitioner fail to amend
21  the motion for a stay and abeyance, the court will recommend denial of the stay and direct
22  respondent to file his response to the petition within thirty days.

23         Accordingly, IT IS ORDERED that:

24         1. The December 9, 2013 deadline for respondent to respond to the petition is vacated
25  nunc pro tunc, to be reset if necessary following determination whether a stay is appropriate;

26         2. Petitioner's motion for a stay (ECF No. 23) is dismissed as deficient, but petitioner is
27  granted leave to file an amended motion for a stay and abeyance within thirty days.  Respondent
28  will have thirty days thereafter to file any response.  Petitioner will thereafter have twenty-one

days to file any reply;

3. Should petitioner fail to amend the motion for a stay and abeyance, the court will recommend denial of the stay and at that time will direct respondent to file his response to the petition.

DATED: January 9, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE