UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN S. VOAGE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DANIEL PARAMO,<br><br>　　　　Respondent. | No. 2:13-cv-01342 JAM AC P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas corpus petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Currently pending before the court is petitioner's motion to stay his unexhausted claims, filed on January 27, 2014. ECF No. 27. Respondent opposed the motion on February 20, 2014. ECF No. 28. Before the court could rule on this motion, however, petitioner filed a motion to amend his 28 U.S.C. § 2254 petition as well as a putative first amended § 2254 petition. See ECF Nos. 32, 34. Petitioner also filed an amended motion for a stay and abeyance of his amended habeas corpus petition. ECF No. 33. No opposition to the motion to amend nor the amended motion for a stay and abeyance was filed by respondent. The court will first address petitioner's motion to amend his habeas corpus petition, as the adjudication of that motion will affect the resolution of his motion for a stay and abeyance.

////

I.     Motion to Amend

In his motion to amend, petitioner requests leave of court to file an amended habeas corpus petition that contains both exhausted and unexhausted claims for relief, i.e. a mixed petition. ECF No. 32 at 1. He concedes that the first three claims for relief are unexhausted, but the last five claims for relief were all exhausted on direct appeal. Id. According to petitioner, he filed the amended § 2254 petition in order to correct "errors in the original petition." Id. Later in his amended § 2254 petition petitioner clarifies the error that he is seeking to correct by stating that the "federal relevance of [his] claims was not clear enough" in the original petition. ECF No. 34 at 11.

The putative first amended § 2254 petition challenges petitioner's 2011 conviction for receiving stolen property. ECF No. 34 at 1. As a result of California's Three Strikes Law, petitioner was sentenced to serve thirty years to life. Id. Comparing the claims presented in the original petition to those identified in the amended § 2254 petition, it appears that petitioner has added three new unexhausted claims for relief as well as an additional claim that was presented on direct appeal. Compare ECF No. 1 with ECF No. 33. These new claims include a challenge to appellate counsel's effectiveness for failing to appeal claims of constitutional merit; a claim of judicial misconduct during sentencing proceedings which led to a fundamentally unfair life sentence; a challenge to the restitution ordered as part of petitioner's sentence; and a challenge to the trial court's admission of petitioner's six prior felony convictions as impeachment evidence at trial. ECF No. 33 at 12-33.

II.    Standards Governing Leave to Amend

Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." See also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure). Petitioner's motion is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure which permits an amended pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b) ), (e),

or (f), whichever is earlier." In considering whether to grant leave to amend, under Rule 15(a)(2), the court "should freely give leave when justice so requires." See Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir. 1993) (the Ninth Circuit reviews a denial of leave to amend "for abuse of discretion and in light of the strong public policy permitting amendment."). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

III.     Analysis

While more than 21 days have passed since the original § 2254 petition was served, respondent has not filed a responsive pleading or a dispositive motion. In fact, this court vacated respondent's deadline for filing a response to the original § 2254 petition in light of the pending motion for a stay. See ECF No. 26. Accordingly, petitioner may amend his habeas corpus petition as of right pursuant to Rule 15 of the Federal Rules of Civil Procedure.

In reviewing the additional factors to consider pursuant to Bonin, the court further finds that leave to amend should be granted even if petitioner were not entitled to amend his petition as of right. The record does not demonstrate any bad faith on the part of petitioner or any attempt to delay these proceedings. Petitioner indicated that he filed the amended § 2254 petition in order to correct deficiencies he identified in the original petition. Additionally, this is petitioner's first amended pleading and there is no prejudice to respondent because they have not filed an answer to the original petition. Absent a review of the full state court record of petitioner's trial, which has not yet been filed in the present case, it cannot be said that any of the claims presented in the amended § 2254 petition are futile. This is especially true in light of both parties' acknowledgment that the statute of limitations did not expire in the present case until May 14, 2014. See ECF Nos. 28 (respondent's opposition to motion for a stay), 33 (petitioner's amended request for a stay). Thus, the amended habeas corpus petition was timely filed. For all these additional reasons, the court will grant petitioner's motion to amend.

IV.     Original Motion to Stay

In light of the amended § 2254 petition which supersedes the original petition for which

petitioner requested a stay, this court will vacate petitioner's original motion for a stay filed on January 27, 2014 as moot.  See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (recognizing the general rule that an an amended pleading supersedes the original pleading and renders it without legal effect).  The court will order further briefing on the amended motion for a stay that was filed contemporaneously with petitioner's amended § 2254 petition.  See ECF No. 33.  Since the amended § 2254 petition contains new claims that were not presented in the original petition, the parties shall focus on the factors for obtaining a stay pursuant to Rhines v. Weber, 544 U.S. 269 (1995), in light of the claims presented in the amended § 2254 petition.

       Accordingly, IT IS HEREBY ORDERED THAT:

       1. Petitioner's motion to amend (ECF No. 32) is granted, rendering the first amended § 2254 petition the operative pleading in the instant action;

       2. Petitioner's motion to stay his original § 2254 petition (ECF No. 27) is vacated as moot; and,

       3. Within 21 days from the date of this order, respondent is ordered to file a response to petitioner's amended motion to stay his first amended § 2254 petition that was filed on April 21, 2014; and,

       4. Petitioner may file a reply within 14 days thereafter.

DATED: June 6, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4