1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN SHAW VOAGE,                    No.  2:13-cv-1342 JAM AC P

12                Petitioner,

13        v.                              ORDER

14   DANIEL PARAMO, Warden,

15                Respondent.

16

17        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas corpus

18   petition pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's amended motion

19   for a stay and abeyance of his amended habeas petition as well as petitioner's motion to

20   supplement his amended petition.  ECF Nos. 33, 40.  The motions have been fully briefed.  ECF

21   Nos. 38, 39, 41, 43.

22        First Amended Petition

23        Petitioner was convicted in Yolo County Superior Court in June of 2011 of receiving

24   stolen property, and sentenced in August of 2011 to a state prison term of thirty years to life under

25   California's three-strikes law.  Amended Petition filed on April 21, 2014, ECF No. 34 at 1.

26   Petitioner challenges his conviction on the following grounds: (1) ineffective assistance of

27   appellate counsel for failing to appeal claims of constitutional merit; (2) judicial misconduct

28   during sentencing proceedings which led to a fundamentally unfair life sentence; (3) restitution

1

ordered as part of petitioner's sentence excessive; (4) trial court error by admission of petitioner's six prior felony convictions as impeachment evidence at trial; (5) trial court error by denying motion for mistrial based on information that was discovered late due prosecutor's failure to disclose information favorable to the defense; (6) the prosecutor committed misconduct during argument to jury; (7) trial court erred by failing to strike priors; and (8) petitioner's three-strikes sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment. Id. at 12-43.

At the time of filing the amended petition, petitioner asserted that Claims 1 through 3 were unexhausted and pending in state court while Claims 4 through 8 had been exhausted. ECF No. 34 at 7.

The Amended Motion to Stay Is Now Moot

In his amended motion to stay, petitioner sought a stay of his mixed amended petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 33. However, this motion has now been rendered moot. On November 20, 2014, petitioner brought his motion to supplement the amended petition and asked that his amended motion to stay be vacated based on his having exhausted all claims as of October 29, 2014. ECF No. 40 at 1, 6. Respondent does not oppose withdrawal of the motion. ECF No. 41 at 2-3. The motion to stay will be vacated as moot.

Motion to Supplement Amended Petition

Petitioner asks that Claim 3, the restitution claim, be "delete[d]" from his amended petition. ECF No. 40 at 7, 10. This request is expressly unopposed by respondent.[1] ECF No. 41 at 2-3. Petitioner makes clear that he abandoned Claim 3 by having elected not to present it to the California Supreme Court. ECF No. 40 at 5, 7. Petitioner's request to voluntarily dismiss his unexhausted Claim 3 is granted. Petitioner therefore seeks to proceed upon Claims 1-2 and 4-8 and states that he moves to supplement claims 1 and 2 of his amended petition pursuant to Rule

---

[1] Respondent is correct that claim 3 is without merit. Bailey v. Hill, 599 F.3d 976, 981, 983 (9th Cir. 2010) ("section 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence."); see also, United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002) ("[c]laims seeking release from custody can be brought under § 2255; claims seeking other relief cannot.").

1   15(d) of the Federal Rules of Civil Procedure.  ECF No. 40 at 1-10.

2          Respondent opposes petitioner's motion to supplement Claims 1 and 2, contending that

3   petitioner's request does not fall within the parameters of supplemental pleadings.[2]  ECF No. 41.

4          Petitioner does not specify the material with which he seeks to supplement his petition.

5   However, he attaches a copy of the petition he submitted to the California Supreme Court, setting

6   forth his claims 1 and 2, as well as a copy of the postcard denial dated October 29, 2014 that he

7   received from that court.[3]  Supplementation under Rule 15 is not necessary in order for this court

8   to consider the state court record related to exhaustion.  Accordingly, the court construes the

9   motion as a request to proceed on newly exhausted Claims 1 and 2, as well as on his previously

10  exhausted Claims 4 through 8, set forth in the amended petition.

11         As so construed, the motion will be granted.  A briefing schedule is set forth below.

12         Accordingly, IT IS ORDERED that:

13         1.  Petitioner's amended motion to stay, ECF No. 33, is VACATED as moot;

14         2.  Petitioner's unopposed request to withdraw Claim 3, regarding restitution, is

15  GRANTED and Claim 3 is hereby stricken from the amended petition, ECF No. 34;

16         3.  Petitioner's motion to supplement the amended petition, construed as a request to

17  proceed on Claims 1-2 and 4-8, is GRANTED;

18         4.  Respondent is directed to file a response to petitioner's amended habeas petition within

19  sixty days from the date of this order.  See Rule 4, 28 U.S.C. foll. § 2254.  An answer shall be

20  accompanied by all transcripts and other documents relevant to the issues presented in the

21  petition.  See Rule 5, 28 U.S.C. foll. § 2254;

22

23  [2] Under Rule 15(d), a party may be permitted "to serve a supplemental pleading setting out any
    transaction, occurrence, or event that happened after the date of the pleading to be supplemented."
24  [3] The order denying relief cites no procedural bar.  "When a federal claim has been presented to a
    state court and the state court has denied relief, it may be presumed that the state court
25  adjudicated the claim on the merits in the absence of any indication or state-law procedural
    principles to the contrary."  Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011).  Exhaustion is
26  satisfied if the highest state court considers the merits of the claim.  Cooper v. Neven, 641 F.3d
    322, 331 (9th Cir. 2011); Greene v. Lambert, 288 F.3d 1081, 1087-88 (9th Cir. 2002) ("a bare
27  postcard denial from the California Supreme Court" is construed "as a decision on the merits, for
    purposes of the exhaustion requirement, unless that court expressly relied on a procedural bar.").
28

5. If the response to the amended habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

6. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

DATED: December 22, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4